IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CAROL J. GEMMILL                                              PLAINTIFF

v.                               CIVIL ACTION NO: 3:08cv00650-HTW-LRA

ALLIANCE FOR AFFORDABLE SERVICES and
MID-WEST NATIONAL LIFE INSURANCE
COMPANY OF TENNESSEE                                         DEFENDANTS

## MOTION TO QUASH SUBPOENAS

**COMES NOW** the Plaintiff, by undersigned counsel, and moves the Court for an Order quashing the subpoenas listed in Defendants' Notice of Service [Doc. 49] filed herein on November 12, 2009. This Motion is brought pursuant to Rule 45(c)(3)(A)(iii), Fed.R.Civ,P., because the subpoenas, as worded and served, require the non-party medical providers served to disclose and produce information which is protected under the Physician-Patient Privilege and they exceed the scope of the waiver provided under Mississippi law.  In support thereof, Plaintiff will show unto the Court the following, to wit:

1.  This is a claim for health insurance benefits which focuses, *inter alia*, on the failure of Defendant Mid-West to pay claims for Plaintiff's total left knee replacement operation on July 31, 2006.  Mid-West denied Plaintiff's claims for the express reason that the condition for which the procedure was performed was a pre-existing condition which was excluded from coverage. Plaintiff disagreed with the basis for the denial and this suit followed.

2.    Under the terms of the policy issued by the Defendant, a pre-existing condition is defined as follows:

> **Pre-Existing Condition** means a medical condition, Sickness or injury not excluded by name or specific description for which: (1) medical advice, consultation, or treatment was recommended by or received from a Physician within the *six month period before the Effective Date of Coverage;* or (2) symptoms existed which would cause an ordinarily prudent person to seek diagnosis, care, or treatment *within the six month period before the Effective Date of Coverage.*(emphasis added)

3.    Miss.Code.Ann.§13-1-21 is Mississippi's codification of the Physician-Patient Privilege and provides:

> (1) All communications made to a physician, osteopath, dentist, hospital, nurse, pharmacists, pediatrist, optometrist or chiropractor by a patient under his charge or by once seeking professional advise are hearby declared to be privileged, and such parties shall not be required to disclose the same in any legal proceeding except at the instance of the patient....

Rule 501, F.R.Evid., provides that in civil actions, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, state or political subdivision thereof shall be determined in accordance with State law.  Accordingly, the rule applicable to the Physician-Patient Privilege and the waiver of that privilege, as determined under the law of Mississippi, applies in this diversity case.

2

4.   Rule 503(f) of the Mississippi Rules of Evidence provides:

> Any party to an actual proceeding subject to these rules who by his or her pleadings places in issue an aspect of his or her physical, mental or emotional condition thereby and to that extent only waives the privilege otherwise recognized by this rule. This exception does not authorize ex parte contact by the opposing party.

The physical and emotional conditions placed in issue by the Plaintiff's pleadings in this case are her left knee and her claim for mental and emotional distress.   Only those physical and emotional conditions are the subject of the waiver of the Physician-Patient Privilege created by Rule 503(f), Miss.R.Evid. No other physical or emotional conditions are waived by the pleadings nor have they been waived in any other fashion by the Plaintiff.

5.   The Supreme Court of Mississippi, in *Scott v. Flynt*, 704 SO.2d 998 (Miss 1996), has defined the scope of medical information to which a Defendant is entitled under the waiver of the Physician-Patient Privilege created by Rule 503(f).   The Supreme Court determined that only relevant medical information is discoverable pursuant to this judicially created medical waiver.   The Court further held that broad open ended waivers are impermissible:

> Otherwise, an open-ended total waiver would or might allow the Defendant to posses personal irrelevant information which should still be privileged since it would have no bearing upon the outcome of the case as it would not

3

> concern any injury placed in issue by the Complaint and would likewise be inadmissable at trial on relevancy grounds
>
> ****
>
> However, under no circumstances should a court order or require a person to release medical information unconditionally as in this case. Such disregard for a patient's right to confidentiality will not be tolerated by this Court.

Under Mississippi law, the scope of the waiver of medical privilege is circumscribed by the relevancy of the information sought to the physical and mental conditions which the Plaintiff has placed in issue in the lawsuit.

6.    On or about November 9, 2009, the Defendants filed their Notice of Service of the issuance of subpoenas to thirteen (13) healthcare providers of Ms. Gemmill and three health insurance companies. *See* Notice [Doc. 49].

7.    Attached to each subpoena was an identically worded Exhibit "A" that described the documents sought by the subpoenas as:

> **A CERTIFIED COPY** of any and all records including, but not limited to, reports, writings, letters, documents, itemizations, print-outs and bills reflecting all prescriptions, medications and histories thereof, any services rendered (including and itemized statement of fees charged, insurance claim forms and copies of insurance payments received) and all other information or records of any kind whatsoever in your possession and/or control relative to:
>
> **Name: CAROL J. GEMMILL**
> **Social Security No:** (redacted)
> **Date of Birth: (**redacted**)**

8.    The scope of the documents and/or records requested by the subpoenas is not limited to the physical and mental conditions placed in issue in the litigation (left knee and mental distress) or the relevant time frame (six months prior to the effective date of the policy in question).  As such, the subpoenas seek materials which are clearly privileged, confidential, irrelevant, and not otherwise subject to disclosure because there is no waiver of the Physician-Patient Privilege which remains intact as to irrelevant and unrelated medical information. The Plaintiff has put each provider and insurance company on notice of the filing of this motion and her objection to the production of the requested documents.

9.    It bears noting that, pursuant to the Court's initial Case Management Order [Doc. 19] entered in this case, the Defendants were entitled to seek a signed waiver of the medical privilege by Plaintiff.  However, none was sought or obtained.  If an appropriately limited waiver had been sought, it would have been worded to protect disclosure of otherwise privileged and irrelevant medical information that was neither placed in issue nor relevant to the issues in this litigation.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully moves for an order of the Court quashing the subpoenas served by the Defendant and for an award of reasonable attorneys fees pursuant to Rule 45(c)(3)(A)(iii), Fed.R.Civ.P.

This the 19th day of November, 2009.

Respectfully submitted,

**CAROL J. GEMMILL**

By: s/ *Robert H. Tyler*
Robert H. Tyler

By: s/ *Donald C. Dornan, Jr.*
Donald C. Dornan, Jr.

<u>**NOTICE OF MOTION**</u>

PLEASE TAKE NOTICE that the Plaintiff, Carol J. Gemmill, will bring on for hearing her Motion to Quash Subpoenas before the Honorable Linda R. Anderson, United States Magistrate Judge, as soon as counsel can be heard.

<u>**CERTIFICATE OF SERVICE**</u>

We, Robert H. Tyler and Donald C. Dornan, Jr., attorneys for the Plaintiff, do hereby certify that on November 19, 2009, we electronically filed the foregoing Plaintiff's Motion to Quash Subpoenas with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Justin J. Peterson, Esquire
jpeterson@babc.com
Bradley Arant Boult Cummings
188 E. Capitol Street, Ste. 400
Jackson, MS 39201

Gary L. Howard, Esquire
ghoward@babc.com
Jamie L. Moore, Esquire
jmoore@babc.com
Bradley Arant Boult Cummings
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

s/ *Robert H. Tyler*
**Attorney for Plaintiff**

6

s/ *Donald C. Dornan, Jr.*
**Attorney for Plaintiff**

**Robert H. Tyler, Esquire**
MSB No. 8168
**Tyler Law Firm**
160 Porter Avenue
P.O. Box 1124
Biloxi, MS 39533-1124
Telephone: (228) 436-4682
Facsimile: (228) 436-3991

**Donald C. Dornan, Jr., Esquire**
MSB No. 6161
**Spyridon, Palermo & Dornan, LLC**
154 Porter Avenue
P.O. Box 154
Biloxi, MS 39533
Telephone: (228) 374-2013
Facsimile: (228) 374-2250