# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**CAROL J. GEMMILL**                                                                       **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:08CV650-HTW-LRA**

**ALLIANCE FOR AFFORDABLE SERVICES AND**
**MID-WEST NATIONAL LIFE INSURANCE**
**COMPANY OF TENNESSEE**                                      **DEFENDANTS**

## ORDER

THIS CAUSE came on for telephonic hearing before the undersigned on January 6, 2010, regarding Plaintiff's Motion to Quash Subpoenas, document 51. Counsel were directed to confer and attempt to agree on the extent to which Plaintiff's medical privilege has been waived. Counsel have since notified the Court that no agreement could be reached, and the following findings are made.

Plaintiff argues that, pursuant to Mississippi Rule of Evidence 503(f), she has waived the Physician-Patient Privilege only to the extent that she has put a physical, mental or emotional state at issue in this case. Plaintiff admits that she has put at issue her "left knee and her claim for mental and emotional distress," [Doc. 51, p.3] but contends that she has waived the physician-patient privilege only as related to these specific injuries [Doc. 51, p. 3]. Plaintiff cites *Scott v. Flynt*, 704 So.2d 998 (Miss. 1996) to support her proposition (holding that "under no circumstances should a court order or require a person to release medical information *unconditionally* as in this case") (emphasis in original). *Id.* at 1003.

The limitations and concerns of *Scott* are not implicated by this case. This Court reads *Scott* to prohibit an unfettered waiver of all medical information, without regard to

relevancy. Defendants have not asked Plaintiff to sign an unconditional medical waiver. To the contrary, Defendants issued targeted subpoenas to thirteen nonparties[1], the identities of which have been revealed to Defendants through the course of this litigation.

Defendants' subpoenas to Central Mississippi Orthopedic Clinic [Doc. 49-10], Humana [49-13], United Healthcare of Mississippi, Inc. [Doc. 49-11], and Blue Cross Blue Shield of Mississippi are proper, as Plaintiff has herself subpoenaed these providers in connection with this litigation [Docs. 38, 54, 55 and 63]. Defendants utilized the same or similar language in their subpoenas as was used by Plaintiff. The Court does not find this language overly broad. Defendants' requests are based on a reasonable belief that the very records Plaintiff seeks in the course of litigation are likely relevant.

Furthermore, Defendants' subpoenas to Central Mississippi Medical Center [Doc. 49-3], Sta Home Health Center [49-4], and Mississippi Baptist Medical Center [Doc. 49-5] are proper, as Plaintiff provided these records to her expert, M.F. Longnecker, Jr., M.D. [Doc. 48-3]. Many courts have recognized that a privilege cannot simultaneously be used as a sword and a shield. *See, e.g. Adams v. Ardcor*, 196 F.R.D. 339, 343 (E.D. Wisc. 2000) (internal citations omitted). It is counterintuitive to permit the Plaintiff to provide medical records to her expert, but hold that the same medical records are irrelevant.

Defendants' subpoenas that Plaintiff neither subpoenaed herself or provided to her expert [Docs. 49-1, 49-2, 49-6, 49-7, 49-8, and 49-9] are also proper. Plaintiff has put at

---

[1] Plaintiff maintains that Defendants issued sixteen (16) subpoenas, but this Court's records indicate only thirteen (13) subpoenas. The Court notes a reference to a subpoena to Walgreens, which is a subpoena yet to be filed with this Court. This Order applies to the subpoenas filed as executed with this Court as evidenced by Document 49 on the docket. The rationale of this Order, however, applies to other subpoenas, unless Plaintiff can particularly demonstrate her objection to the relevancy of a subpoena. The Court would caution Plaintiff in filing other Motions to Quash, absent a particular objection to the records sought via that subpoena.

issue her physical and emotional conditions by filing this lawsuit, and has broadly waived the Physician-Patient privilege. In offering the testimony of a non-treating medical expert, Plaintiff waives her privilege as to treating providers. The Plaintiff may not offer expert testimony, but preclude the Defendants from discovering a complete medical history. Dr. Longnecker's November 11, 2009 report [Doc. 48-3] acknowledges injuries as early as 1995 and "some underlying arthritis." Although Dr. Longnecker finds nothing in Plaintiff's medical history to alter his conclusion about causation, experts often disagree. Defendants are entitled to complete medical records which may, or may not, lead their expert to a different conclusion.

Plaintiff seems to suggest that Plaintiff's medical providers (upon receiving more limited subpoenas) ought to mine through Plaintiff's medical history, limiting their production only to Plaintiff's left knee and instances of emotional distress [Doc. 51, p. 5 and Doc. 61, p.14]. It is not this Court's policy to mandate that medical providers limit the scope of production in cases where waiver is clear, as it is here. Defendant is entitled to discover Plaintiff's medical history outside of the strict areas complained about, as Defendant may develop alternative theories about the cause of injuries through a holistic analysis of Plaintiff's medical history.

Plaintiff also suggests that the policy language at issue in this case somehow limits the time frame of discoverable medical records [Doc. 51-5]. While the Court recognizes that the policy defines a pre-existing condition as one for which "medical advice, consultation, or treatment was recommended by or received from a Physician within the six month period before the Effective Date of Coverage," the policy goes on to alternatively define a pre-existing condition as one for which "symptoms existed which

would cause an ordinarily prudent person to seek diagnosis, care, or treatment within the six month period before the Effective Date of Coverage" [Doc. 51, p.2]. Defendants are entitled to examine Plaintiff's medical history prior to the six month period preceding the Effective Date of Coverage, as the latter definition of pre-existing condition permits a defense argument which is not restrained by this time frame.

Finally, Plaintiff suggests that *Scott v. Flynt* requires this Court to conduct a judicial relevancy hearing regarding the scope of conditions placed at issue by Plaintiff's complaint [Doc. 61, p. 6]. This Court is not bound by the procedural suggestions of other Courts, and this Court declines to conduct such a hearing under the facts of this case. Plaintiff has not pointed this Court to any particular records which it claims are irrelevant and privileged, thus providing no basis for judicial review.

This Court accordingly finds that all subpoenas are proper. As Defendants noted, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citation omitted). The records of Plaintiff's medical providers, pharmacy, home health provider and insurers bear on, or at least might lead to other matter that could bear on, the issues in this case.

This Court declines to grant either party attorney's fees in connection with this Motion.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Quash Subpoenas, document 51, is hereby DENIED.

SO ORDERED this the 18th day of February, 2010.


              S/ Linda R. Anderson
            UNITED STATES MAGISTRATE JUDGE